Filed 7/11/14  In re D.T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| In re D.T., a Person Coming Under the Juvenile Court Law. | C072606 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>D.T.,<br><br>        Defendant and Appellant. | (Super. Ct. No. 64849) |

D.T. appeals from an order finding him in violation of his probation and committing him to the Division of Juvenile Facilities (DJF) for seven years and two months.  He contends the juvenile court erred in committing him to DJF because his most recent offense is not among those "described in subdivision (b) of Section 707 [of the

1

Welfare & Institutions Code[1]] or subdivision (c) of Section 290.008 of the Penal Code."
We agree and shall remand for further dispositional proceedings.

DISCUSSION

Section 733 provides in pertinent part: "A ward of the juvenile court who meets any condition described below shall not be committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities: [¶] . . . [¶] (c) The ward has been or is adjudged a ward of the court pursuant to Section 602, and the *most recent offense* alleged in any petition and admitted or found to be true by the court is not described in subdivision (b) of Section 707 or subdivision (c) of Section 290.008 of the Penal Code." (Italics added.)

D.T. claims "the most recent offense alleged in any petition and admitted or found to be true by the court" is the most recently *committed* offense that is alleged in any petition and admitted or found to be true by the court. The People respond that the language in question "refers to the date the allegation occurred and the date of the adjudication," not the most recent offense actually committed.

While this case was pending on appeal, our Supreme Court decided *In re D.B.* (2014) 58 Cal.4th 943, 944, which held, "The plain language of section 733 [subdivision] (c) mandates that a minor may not be committed to DJF unless the most recently *committed* offense that is alleged in any wardship petition, then admitted or found to be true, is listed in section 707 [subdivision] (b) or Penal Code section 290.008 [subdivision] (c)." (Italics added.) More particularly, the court determined, "The language of section 733 [subdivision] (c) is clear. It prohibits a DJF commitment unless the most recent offense alleged in any petition and admitted or found true is listed in section 707(b) or Penal Code section 290.008 [subdivision] (c). (§ 733 [subd.] (c).) We are not free to

---

[1] Further undesignated statutory references are to the Welfare & Institutions Code.

2

rewrite the law simply because a literal interpretation may produce results of arguable utility. The Legislature, of course, remains free to amend section 733 [subdivision] (c) if the language it has enacted is now understood to create unintended consequences." (*Id.* at p. 948.)

Here, the parties agree and the record reveals that the most recently committed offenses that are alleged in a wardship petition and admitted or found to be true -- accessory (Pen. Code, § 32) and receiving stolen property (*id.,* § 296, subd. (a)) -- are not listed in section 707 subdivision (b) or Penal Code section 290.008 subdivision (c). Accordingly, D.T. was ineligible for DJF placement.

DISPOSITION

The matter is remanded to the juvenile court with instructions to reverse the dispositional order committing D.T. to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities and conduct a new dispositional hearing in accordance with our Supreme Court's decision in *In re D.B.* The judgment is affirmed in all other respects.


                                            BLEASE            , Acting P. J.


We concur:


      ROBIE            , J.


      MAURO          , J.

3